GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, *v.* JAMES REIFSTECK, Appellant.

County Court, Monroe County, September 6, 1962.

*Culley, Corbett, Tanenbaum & Reifsteck (Edward R. Reifsteck* of counsel), for appellant. *John G. Curran* for respondent.

JOHN P. LOMENZO, J. Appeal from an order of the City Court of Rochester, New York (DAVIDSON, J.) striking out the answer herein and adjudging respondent entitled to possession of a motor vehicle.

On April 13, 1960 one Charles La Bar, a parolee from State prison and an employee of Bowerman Builders Service, Inc., negotiated with Frear Chevrolet, Inc., an auto agency, for the purchase of a motor vehicle. He was personally unable to purchase the motor vehicle because of his status as a parolee and lack of credit needed to finance the balance of the purchase price involved. La Bar required an automobile in the course of his employment and his employer, who knew of his predicament, agreed to purchase the vehicle in its corporate name with the understanding, had with La Bar, that payments were to be made by La Bar and that it was to be considered La Bar's motor vehicle. On the aforesaid date the corporate employer of La Bar, through its president, executed and delivered a conditional sales contract to the aforesaid auto agency, the security for which was the subject motor vehicle which contract thereafter was assigned to the respondent. There is no claim here that the respondent had any knowledge of the understanding had by the purchaser and its employee La Bar.

A copy of the conditional sales contract was duly filed in the office of the Clerk of the County of Monroe on or about the 28th day of April, 1960. Subsequently the motor vehicle was transferred from the Bowerman Builders Service, Inc., to its employee

La Bar who sold the motor vehicle to one Loray, who later transferred it to the appellant herein for value.

At no time did the respondent authorize or consent to any of the aforesaid transfers. Upon a default in payments the respondent brought action against the appellant and on May 8, 1962 replevied the vehicle. On the same day the appellant counter-replevied the vehicle and continues in possession.

The appellant contends that he is an innocent purchaser for value, having made a diligent search against the name of *Loray*, his seller, in the Monroe County Clerk's office for any filed incumbrance affecting the vehicle, and found none. That the conditional sales contract does not constitute notice to him, the same being void since the provisions of section 64-a of the Personal Property Law were not complied with. This section requires that a conditional sales contract must state the name of the buyer as well as that of the seller. The position taken by the appellant herein is that Bowerman Builders Service, Inc., which executed the conditional sales contract as the buyer, is not actually the " real " buyer, but that La Bar is.

A conditional sales contract, if valid when made and properly filed, constitutes constructive notice thereof to all others, and will preserve the reservation of title in the vendor or the vendor's assignee, regardless of how many subsequent successive transfers occur. There is no question but that the corporate employer obligated itself upon the conditional sales contract in order to accommodate its employee who required the use of an automobile in his employment and who was unable for personal reasons to purchase the vehicle in his own name. The motivation or the reason for the act of the employer is immaterial since the legal fact is that the employer did buy the vehicle and did obligate itself to pay for the name. The requirement of the statute is satisfied since there is a buyer who is actually in existence which has obligated itself to the terms of a valid contract. (See *Associates Discount Corp.* v. *Davis Motor Sales,* 275 App. Div. 745.) The fact that a buyer may purchase a vehicle for the benefit of another or to accommodate another does not have the effect of rendering what otherwise is a valid contract, void. The employee, La Bar, was *not* the buyer of the car. He was not a contractual party in the sale of the motor vehicle by the automobile agency to his corporate employer and he was in no way mentioned in the conditional sales contract and was not obligated in any manner for the payment of the purchase price. The only obligee under the terms of the conditional sales contract is the corporate employer which executed it. When La Bar was returned to State prison because of a violation of the terms of

his parole, and did not make the payments on the car from his own personal funds as he had agreed with his employer, the employer was required, pursuant to its obligation under the conditional sales contract to make the payments and did so in November and December of 1961.

The appellant cites the case of *Industrial Bank of Commerce v. Packard Yonkers Corp.* (279 App. Div. 125, affd. 304 N. Y. 622). The case is not in point here. There the conditional sales contract did not state the real name of the buyer, but ran to a *fictitious* name given by the actual buyer.

The judgment granting summary judgment in favor of the respondent herein is affirmed.